[No. 29777. Department One. March 25, 1946.]

OLE HEGGEM, *Respondent,* v. HUMPHRIES TRANSPORT, INC., *Appellant.*[1]

¹Reported in 167 P. (2d) 432.

*A. E. Dailey,* for appellant.

*Clarence J. Coleman* and *Thomas G. McCrea,* for respondent.

MALLERY, J.—Plaintiff, a former employee of the defendant corporation, brought this action to recover for overtime pay earned in the course of his employment. In his amended complaint, plaintiff alleged the dates of employment, the number of hours worked each day, the pay scale, the amounts paid, and the amounts due and owing, which totaled $1,530.90. The defendant denied the material allegations of the amended complaint and, by way of affirmative defense, alleged that all wages due and owing to plaintiff had been paid. By reply, plaintiff denied the affirmative matter, thus framing the issues. Trial by the court sitting with a jury resulted in judgment for the plaintiff in the amount of $875 and costs.

Upon denial of his motion for a new trial, defendant has appealed, assigning as error Nos. 1 and 2, the failure of the court to take the case from the jury at the close of the plaintiff's evidence or at the close of all of the evidence; and 3, the overruling of his motion for a new trial.

█ The jury was charged with the following instruction, to which appellant neither excepted nor proposed additional instructions, and which therefore must be accepted as the law of the case. *Schneider v. Noel,* 23 Wn. (2d) 388, 160 P. (2d) 1002.

"If you believe that the plaintiff has established by a fair preponderance of the evidence that the president of the defendant corporation expressly agreed to pay plaintiff over and above his regular monthly salary for work performed by plaintiff in excess of forty-four hours a week, and that plaintiff did perform work for defendant in excess of forty-four hours a week, then your verdict must be for the plaintiff in an amount which would compensate plaintiff at such sum as the preponderating evidence shows was the rate for work in excess of forty-four hours a week.

"An agreement to pay for services performed need not be in writing nor in any particular form of oral statement, but plaintiff must establish that there was an express promise

on the part of the president of the defendant corporation to pay for work over and above plaintiff's regular monthly salary in excess of forty-four hours a week.

"Plaintiff can not recover merely because plaintiff worked in excess of forty-four hours a week."

█ In support of his first two assignments of error, appellant has set forth all of the evidence favorable to himself. In the light of the jury verdict, we are not at liberty to accept this evidence as against the evidence in favor of the respondent. The verdict must be sustained if the evidence and all inferences reasonably flowing therefrom construed in the light most favorable to the respondent makes a *prima facie* case.

█ The sole issue raised by assignments 1 and 2 is whether, admitting the truth of respondent's evidence together with the inferences reasonably to be drawn therefrom, that evidence was sufficient to take the case to the jury. Summarizing briefly: Both the respondent and the appellant's former bookkeeper testified that respondent had worked overtime a large part of the time. Respondent introduced into evidence a complete series of biweekly earnings, statements which set forth his earnings together with the various payroll deductions for social security and the like. Many of these statements showed amounts in addition to respondent's regular salary. While there was nothing on the face of the statements to describe or to designate these amounts, which ranged from $.50 to $52.75, the respondent testified that they were in part payment for overtime wages. Respondent further testified that the appellant's president, Arthur Humphries, in handing him his checks, told him that he was paying him overtime, and that at these times he would remind Humphries that he had more overtime coming. Upon the question of the proper rate for computation of overtime pay, respondent testified that the usual rate in the trucking industry was "time and a half."

Upon this evidence and in the light of the court's instructions, which have become the law of the case, the respondent was entitled to have his case submitted to the jury. The court did not, and could not, have said as a matter of law

that the parties had not made an agreement for the payment of overtime wages.

■■ In arguing his third assignment of error, the appellant contends that the verdict is contrary to the evidence, in that it is impossible to find by what figures in evidence, or by what method, the jury could have arrived at a verdict of $875, and further, that the verdict should be for the full amount claimed by respondent or for nothing at all.

The trial court reviewed at length the motion for a new trial. As stated by him, the verdict is within the evidence and there is nothing to show that it was a quotient verdict.

"The refusal or denial of a motion for a new trial for alleged misconduct on the part of the jury is, as a general rule, a matter within the discretion of the judge presiding at the trial; and unless it appears that this discretion has been abused, that there has been palpable error, or that the judge had refused to review and consider the evidence by which the consideration of the motion should have been guided or controlled, his refusal to grant a new trial will not be disturbed." 39 Am. Jur. 87, New Trial, § 73.

The judgment is affirmed.

DRIVER, C. J., MILLARD, STEINERT, and SIMPSON, JJ., concur.